■ In the Matter of CHARLES V. CAMPISI, Respondent-Appellant, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Appellants-Respondents. — Judgment, entered March 25, 1981, Supreme Court, New York County (Kirschenbaum, J.), which granted without a hearing petitioner's CPLR article 78 petition to the extent of directing the Police Commissioner and the Department of Personnel to include in the calculation of Campisi's seniority and performance rating that time for which his employment as a police officer was paid for with Federal Comprehensive Employment and Training Act of 1973 (CETA) (US Code, tit 29, § 801 *et seq.,* Pub L 93-203, 87 US Stat 839 *et seq.*) funds, but denied that portion of the petition seeking credit for the time Campisi had been laid off during the city's fiscal crisis and dismissed the petition, unanimously modified, on the law, to the extent of denying the petition in its entirety and otherwise affirmed, without costs. Although it is initially apparent that Special Term erred in not allowing respondents an opportunity to answer the petition at a hearing, we exercise our discretion and reach the merits. Petitioner was appointed a police officer in November of 1973 and was a permanent employee when financial difficulties beset the city in the summer of 1975. Like many of his fellow officers, Campisi was unfortunately laid off on July 1, 1975, but was placed on a "preferred list" against the future possibility that the city's fiscal means would enable it to meet its manpower needs. Happily, this ultimately occurred and Campisi was rehired with city funds in March, 1978. Thus, when petitioner took the competitive examination for the civil service position of police sergeant in November of that year, the Department of Personnel gave Campisi credit for the time he had worked and been paid on the city payroll. Petitioner disputes this calculation, however, pointing to a single sentence in (former) Police Commissioner Codd's "Open Door" memorandum of June 30, 1977, which states that "the original date of your appointment will apply as a basis for seniority in promotion exams and vacation selection". While this "Open Door" memorandum was merely a general explanation of existing personnel practice and not a declaration of new policy, before discussing that memorandum it should be noted that petitioner's reading of the memorandum conveniently ignores the import of the last sentence, which states that "[a]ctual service time (original appointment date minus laid-off time) will also be used in determining longevity increments and retirement eligibility". In any event, the Police Commissioner has since concurred in the Department of Personnel's determination that petitioner's claim is without merit. (Cf. New York City Charter, § 814.) From May 20, 1977 until his rehiring in March of 1978, petitioner performed the duties of a police officer and was paid with Federal funds granted to the city under CETA. Public sector employment made possible under CETA grants was designed to be supplemental to the work force of the governmental grantee and "transitional" for the individual hired (US Code, tit 29, §§ 843, 845, subd [b], par [4]; subd [c], par [3]). That is, Congress furnished

the "funding for 'transitional employment' of unemployed and underemployed persons in jobs providing needed public services in areas of substantial unemployment * * * until the job holder can move into regular unsubsidized employment". (*Matter of Carritue v Beame,* 90 Misc 2d 504, 504-506, affd 61 AD2d 957, mot for lv to app den 45 NY2d 710.) The city in keeping with the spirit of section 81 of the Civil Service Law, utilized the "preferred lists" to the extent that rank-order hiring would not violate CETA eligibility requirements (such as residency) (see, e.g., US Code, tit 29, § 845, subd [c], par [3]). In such a manner the integrity of the civil service system was also protected (NY Const, art V, § 6; *Matter of Maye v Lindsay,* 69 Misc 2d 276, revd 41 AD2d 127, revd and reinstated 33 NY2d 552; compare US Code, tit 29, § 845, subd [c], and § 848, subd [a]). Clearly petitioner was "not reinstated to [his] former position[s] as [a] * * * civil service [employee]. [He was] appointed to [a] newly created CETA title[s], which [did] not confer civil service status." (*Matter of Carritue v Beame,* 90 Misc 2d, *supra,* at p 506.) Accordingly, despite the fact that petitioner performed identical services while a CETA employee as he later rendered when rehired by the city, his time spent as a CETA employee could neither entitle him to seniority benefits nor be used as a basis for promotion. To hold otherwise would violate both State constitutional and statutory law as well as the Federal proscriptions. (*Matter of Ballentine v Sugarman,* 74 Misc 2d 267, 270, affd *sub nom. Gotbaum v Lindsay,* 43 AD2d 815, mot to dismiss app granted 34 NY2d 667; *Nassau Ch. of Civ. Serv. Employees Assn. v County of Nassau,* 53 NY2d 559.) Concur — Murphy, P. J., Sandler, Ross and Carro, JJ.